IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,962-01





 

EX PARTE RODOLFO PAUL BANDA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 94-01-04243CR IN THE 365TH DISTRICT COURT


FROM MAVERICK COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to ninety-nine years' imprisonment. The Fourth Court of Appeals affirmed his conviction.
Banda v. State, No. 04-94-370-CR (Tex. App. - San Antonio, delivered March 8, 1995, no pet.) 
This Court denied Applicant's writ without written order on March 29, 2006. However, in light of
the fact that the trial court had elected to hold a hearing, and had commenced the hearing at the time
this writ was being considered by this Court, this Court has decided to reconsider on its own motion
the denial of Applicant's writ. 

 Applicant contends inter alia that his trial counsel rendered ineffective assistance because
counsel failed to object to the empaneling of a juror who was related to the complainant in an
attempted murder case for which Applicant was under indictment at the time of this trial.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 In this case, the trial court proceeded to hold a hearing to determine unresolved issues of fact. 
During a recess in the hearing, this Court denied Applicant's writ, and the trial court concluded that
it no longer had jurisdiction to consider Applicant's claims. The hearing was never finished, and the
trial court did not make findings of fact or conclusions of law. If the trial court elects to continue
the hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to
be represented by counsel, the trial court shall appoint an Attorney to represent Applicant at the
hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




FILED: OCTOBER 11, 2006

DO NOT PUBLISH